FILED
U.S. BANKRUPTCY COURT
DISTRICT OF WYOMING
3:12 pm, 7/10/13
Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| ) | |
| HAZEN HATFIELD and ) | Case No. 12-20063 |
| PATRICIA HATFIELD, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| DONNA TEEPLES, d/b/a INDUSTRIAL ) | |
| HOIST AND CRANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 12-2034 |
| ........................... ) | |
| HAZEN HATFIELD, ) | |
| ) | |
| Defendant. ) | |

## OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

On May 16, 2013, the court held a telephonic hearing on the cross motions for summary judgment filed by plaintiff, Donna Teeples dba Industrial Hoist and Crane ("Teeples") and defendant, Hazen Hatfield ("Hatfield") and the respective responses. The court having considered the pleadings, attached evidence, and applicable law, is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(I) and (J). The motions were brought under Fed. R. Civ. P. 56, made applicable in adversary

proceedings by Fed. R. Bankr. P. 7056.[1]

**Undisputed Facts**

Mr. Hatfield filed for chapter 7 bankruptcy protection on February 1, 2012 as a joint debtor with his wife, Patricia Hatfield. This adversary proceeding involves only Mr. Hatfield. Mr. Hatfield originally "set tile for a living." In 1995, Hatfield incorporated Ponderosa Paint of Jackson, Inc. ("Ponderosa Paint"), which operated a retail paint store. The tile business and paint store combined, with the paint portion of the business eventually ceasing business. After that, Hatfield continued to set tile and "at times sold cars" through Ponderosa Paint.

Mr. Hatfield, along with Myron Roice[2] and Wade Grisamer[3] established Ponderosa Field Services, LLC, ("Ponderosa") in 2007. Mr. Roice and Hatfield each owned 40 percent of the stock shares and Mr. Grisamer owned 20 percent. Mr. Roice is Teeples' brother. Ms. Teeples paid Ponderosa the amount of $236,00.00 as an initial payment for the construction of a steel building. No written contract was executed between Ponderosa and Teeples. The building was not constructed. It is uncontested that the initial payment was used to pay Ponderosa's business expenses. Ms. Teeples

---

[1] Unless otherwise indicated all future statutory reference are to the United States Bankruptcy Code, 11 U.S.C. 101 *et seq.*

[2] Mr. Roice filed for chapter 7 bankruptcy protection on November 3, 2010 listing *fdba Ponderosa Field Service, LLC* as an alternative name (Case No. 10-21310). He lists Donna Teeples as an unsecured creditor on Schedule F. Mr. Roice received his discharge on February 1, 2011.

[3] Mr. Grisamer filed his chapter 7 bankruptcy petition on December 1, 2011. He lists *fdba Ponderosa Field Service, LLC* as an alternative name (Case No. 11-21285).

Page 2

initiated a state court suit against Ponderosa but did not name the individual share holders in the suit. Ponderosa ceased business operations and filed a chapter 7 petition on December 7, 2012.[4] Its records were stored in a storage unit but lost or destroyed sometime during the summer of 2011. Ponderosa's bankruptcy case was closed on January 28, 2011 as a no-asset case.

**Conclusions of Law**

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it. The Court should issue an order specifying what facts, including items of damages or other relief, are not genuinely at issue.[5] Summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact.[6] A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the

---

[4] Ponderosa's chapter 7 petition was signed by Myron Roice, Managing Member and listed Donna Teeples as an unsecured creditor.

[5] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

[6] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

Page 3

nonmoving party.[7] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[8]

Teeples' complaint alleges that Hatfield's discharge should be denied, asserting: (1) Hatfield failed to disclose the sale of a vehicle, (a) with intent to hinder, delay and defraud his creditors, and (b) knowingly and fraudulently made a false oath or account regarding the vehicle (§§ 727(a)(2) and (4)); (2) Hatfield, as a managing member of Ponderosa Field Service, LLC ("Ponderosa") concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records and papers from which Hatfield's financial condition or business transactions regarding Ponderosa might be ascertained (§ 727(a)(3)); (3) knowingly and fraudulently making a false oath or account by failing to disclose: (a) all businesses that he owned five percent or more within the six years preceding filing his chapter 7 bankruptcy; (b) all property owned by another person that Hatfield held or controlled; (c) misrepresented his business income and expenses (§ 727(a)(4)); (4) as a managing member and manager of Ponderosa, Hatfield directed, actively participated in or knowingly acquiesced in the actions of Ponderosa (§ 523(a)(4)); and, (5) as member and manager of Ponderosa directed, actively participated in or knowingly acquiesced in Ponderosa's actions

---

[7] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[8] *Supra.*

Page 4

converting Teeples' initial payment for Ponderosa's business use. Hatfield's acts were willful, wanton, malicious and oppressive (§ 523(a)(6)).

In her Motion for Summary Judgment ("Plaintiff's Motion"), Teeples seeks a determination that her claim be excepted from discharge under (1) §523 (a)(4) for (1) embezzlement; and/or (2) § 523(a)(6) for conversion. Teeples also objects to Hatfield's discharge under (1) § 727(a)(4)(A) alleging that Hatfield knowingly and fraudulently made a false oath or account regarding the matters; or alternatively, (2) under § 727(a)(3) failed to keep or preserve Ponderosa's recorded information, including books, documents, records and papers from which Hatfield's financial condition or business transactions might be ascertained.

Count I

Mr. Hatfield's Motion for Summary Judgment ("Defendant's Motion) asserts that (1) Teeples failed to raise Count 1 of the complaint regarding the vehicle in Plaintiff's Motion. Mr. Hatfield asserts that the vehicle was not listed on Hatfield's schedules as Hatfield did not own the vehicle. Mr. Hatfield provided admissible evidence by way of his affidavit and a copy of the vehicle's title that reflects the vehicle was owned by Ponderosa Paint, a separate entity from Hatfield. The court finds that there is no issue of material fact regarding the ownership of this vehicle. As a matter of law, the vehicle would not have been listed on Hatfield's schedules as he did not own the vehicle on the date his bankruptcy petition was filed. The Court finds for the Defendant and against the

Plaintiff on Count I.

Count II

Plaintiff's Motion asserts that Hatfield's discharge should be denied under §727(a)(3) as Hatfield failed to keep or preserve Ponderosa's records, which were presumably destroyed when the rent on the storage unit which the records were stored, was not paid.

The Bankruptcy Code states,

> "(a) The court shall grant the debtor a discharge, unless -
> the debtor has ...failed to keep on preserve any recorded
> information, including books, documents, records, and papers, from which
> the debtor's financial condition or business transaction might be
> ascertained, unless such act or failure to act was justified under all the
> circumstances of the case."[9]

The Tenth Circuit Bankruptcy Appellate Panel listed the requirements for a prima facie case under this Bankruptcy Code section. The creditor must show: (1) the debtor failed to maintain and preserve adequate records; and (2) that failure made it impossible to ascertain the debtor's financial condition and material business transactions. Once the creditor makes a showing, the burden shifts to the debtor to justify the failure to maintain the records. Records need not be so complete that they state in detail all or substantially all of the transactions taking place in the course of the business. It is enough if the records sufficiently identify the transactions that intelligent inquiry can be made.[10]

---

[9] § 727(a)(3).

[10] *In re Stewart*, 263 B.R. 608, 615 (10th Cir. BAP 2001).

It is uncontested that Ponderosa's records are gone, either lost or destroyed. However, the court cannot find that Hatfield's failure to maintain Ponderosa's business records made it impossible to determine his financial condition at the time he filed his individual bankruptcy petition. Ponderosa filed its bankruptcy petition on January 28, 2011. The case was deemed as a no-asset case by the case trustee and subsequently closed. The corporation was identified as "administratively dissolved" and "inactive" on March 12, 2011, according the Wyoming Secretary of State records.

Approximately one year later, Hatfield and his wife filed for bankruptcy protection. Mr. Hatfield's Schedule I reflects that his income was derived from "Ponderosa Paint & Tile." Ms. Teeples does not contest that the initial payment that she paid was used by Ponderosa for its expenses not by Hatfield for his personal expenses. It is possible to determine Hatfield's financial condition without the Ponderosa records. Ms. Teeples fails to carry her burden of establishing a prima facie case. The court's review of the uncontested facts finds that there is not any material facts in dispute and may enter judgment as a matter of law. The court finds in favor of Hatfield and against Teeples regarding Count II.

Count III

Plaintiff's Motion alleges that Hatfield's discharge should be disallowed as he made a false oath when he signed his bankruptcy petition indicating that the "information provided was true and correct." Ms. Teeples asserts that Hatfield's Rule 2004

examination testimony supports that the information provided in the petition and schedules is incorrect. Additionally, Teeples alleges that Hatfield failed to indicate on his Statement of Financial Affairs ("SOFA") of his interest in Ponderosa.

Ms. Teeples' complaint alleged that in connection with his bankruptcy case, Hatfield knowingly and fraudulently made a false oath or account regarding: (1) he failed to properly disclose business interest required in his SOFA, i.e., paragraph 18; (2) did not disclose property that he held or controlled owned by another person required in his SOFA, i.e., paragraph 14; and, (3) misrepresented his business income and expenses in his bankruptcy petition.

The court finds that Plaintiff's Motion does not address the issue of Hatfield's failure to not disclose property that he held or controlled, is owned by another person, which is alleged in the complaint. Whether this is inadvertent or whether Teeples does not want this matter determined on summary judgment is unknown. This is an outstanding issue that will proceed to trial.

The Bankruptcy Code provides that the "court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."[11] In order to deny a debtor's discharge under § 727(a)(4)(A), a creditor must demonstrate, by a preponderance of the evidence, that the debtor knowingly and fraudulently made an oath and that the oath relates to a material fact. A

---

[11] § 727(a)(4)(A).

Page 8

debtor will not be denied discharge if a false statement is due to mere mistake or inadvertence. An honest error or mere inaccuracy is not a proper basis for denial of discharge.[12] A false oath is material if it bears a relationship to debtor's business transactions or estate, or concerns discovery of assets, business dealing, or existence and disposition of debtor's property. "Materiality" is not defeated by the fact that the undisclosed property was without value. Debtors must disclose all property and cooperate fully with the trustee. Badges of fraud which a bankruptcy court should consider includes: (1) concealment or conversions; (2) conversion of property on eve of bankruptcy; (3) gratuitous transfers of property by debtor; and, (4) debtor's continued use of transferred property.[13] Schedule I requires the debtors to state their current income. Where debtors state that their actual income was $4,735.00 and their actual income for the previous year was in excess of $200,000.00, if debtor's current income is as stated, the statement is not sufficient to show that debtors made a false oath.[14]

(1) Hatfield's failure to disclose his interest in Ponderosa on his SOFA.

The court's review of Hatfield's petition and schedules reflects that Hatfield included Ponderosa under "All Other Names used by the Debtor in the last 8 years" and on Schedule B under "No. 13. Stock and interests in incorporated...businesses." Mr.

---

[12] *In re Brown*, 108 F.3d 1290 (10th Cir. 1997).

[13] *In re Garland*, 417 B.R. 805 (10th Cir. BAP 2009).

[14] *Stewart, Id.*

Hatfield itemized "Limited Liability Corporation Ponderosa Field Service, LLC, Bankruptcy case # 10-21424", listing its value as "0.00." The court finds that Hatfield did not fail to disclose his interests in Ponderosa. If there is an error, it is mere inadvertence that it was not also disclosed on the SOFA.

(2) Hatfield misrepresented his income and expenses in his bankruptcy petition.

Ms. Teeples alleges Hatfield falsely stated his income and expenses on his petition and schedules providing reference to Hatfield's testimony at the 2004 examinations. Mr. Hatfield refutes those allegations asserting that the information was disclosed on his For 22C and Schedules I & J. There is a genuine issue of material fact in dispute regarding this issue, which requires testimony and evidence.

Count IV

Ms. Teeples alleges in her complaint that Hatfield's discharge should be denied as he specifically directed, actively participated in, or knowingly acquiesced in Ponderosa's conversion of the initial payment as an acting member, under §523(a)(4) and as a result of that conversion, Teeples sustained injuries under §523(a)(6). Ms. Teeples argues that the elements of embezzlement were met as Teeples' initial payment was intrusted to Hatfield and used for Ponderosa's business expenses rather than to construct her building. Ms. Teeples admits that the contract was with Ponderosa, but as a managing member, Hatfield is liable for the embezzlement that occurred. Mr. Hatfield argues that the parties did not have a trust relationship which is required to prove conversion of

another's property; nor that Hatfield acted with willful and malicious intent.

The court finds that the conflicting assertions between the parties reflect that there are genuine issues of material fact requiring testimony and evidence for the court to determine whether conversion or embezzlement occurred and if the elements of willful and malicious intent have been met.

In conclusion, the court finds for the Defendant on the following issues: a) failure to disclose vehicle under §§ 727(a)(2) and (4); (b)failure to keep or preserve recorded information under § 727(a)(3); and, (c) failure to disclose ownership of Ponderosa under § 727(a)(4). The court finds that the following issues have material issues of genuine fact and must proceed to trial: (a) whether Hatfield misrepresented his income and expenses on his petitions and schedules under §727(a)(4); (b) whether Hatfield embezzled or converted Teeples' initial payment under 523(a)(4); and, (c) whether Hatfield's actions were willful and malicious under §523(a)(6).

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 10 day of July, 2013.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
  Paul Hunter
  Bradley Hunsicker